# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 06-325 (DWF/JJG) |
| Plaintiff, | |
| v. | **ORDER** |
| Terrence Terrell Matthews, | |
| Defendant. | |

Michael A. Dees, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Terrence Terrell Matthews, *Pro Se*, Defendant.

Manvir K. Atwal, Assistant Federal Defender, Office of the Federal Defender, counsel for Defendant.

## INTRODUCTION

This matter is before the undersigned United States District Court Judge on Petitioner-Defendant Terrence Terrell Matthews's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Further, Petitioner-Defendant has brought a number of self-styled motions that are presently pending before the Court, identified as follows:

> *Pro se* "Motion for Failure to Contest the Petitioner's 28 U.S.C. § 2255 Claims by the Government Constitute a Concession Pursuant to Fed. Rule. Civil. Pro. 8(d)" (Doc. No. 106);

> *Pro se* "Petitioner Amended Motion to Request This Court to Have the Government Furnish Him with the Plea and Sentencing Transcripts and to Order the Government to Have Plea Counsel Submit an Affidavit Agreeing or Disagreeing to Petitioners Claim of Ineffective Assistant of Counsel" (Doc. No. 104);

> *Pro se* "Motion by Petitioner for Sentencing Transcript and to Order Government to Have Plead Counsel Submit a Affidavit Agreeing or Disagreeing with Ineffective Assistance" (Doc. No. 103);

> *Pro se* "Motion by Petitioner to be Furnished with Sentencing Transcripts Pursuant to 28 U.S.C. § 753(f) Motion in Order to Properly Execute the 28 U.S.C. § 2255 Where Counsel Misinformed the Petitioner on Sentencing Record" (Doc. No. 102);

The United States opposes Petitioner-Defendant's motions.

## BACKGROUND

On October 5, 2006, a grand jury returned a one-count indictment asserting that Petitioner-Defendant was a felon in possession of a firearm, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1.) On December 12, 2006, a motions hearing was held before United States Magistrate Judge Jeanne J. Graham. On January 5, 2007, Magistrate Judge Graham issued a Report and Recommendation in which she recommended that Petitioner-Defendant's motion to suppress be denied. (Doc. No. 55.) On February 13, 2007, this Court issued an order adopting the Report and Recommendation. (Doc. No. 60.)

As the procedural history of the case file establishes, on April 23, 2007, which was the day before trial, the Petitioner-Defendant appeared before the undersigned with his attorney, Manny K. Atwal, and entered a plea of guilty to the one-count indictment. At

that time, Petitioner-Defendant pled guilty, as charged, but reserved the right to argue at sentencing that he did not possess a firearm in connection with another felony, which would have resulted in a four level enhancement, pursuant to § 2K2.1(b)(6) of the United States Sentencing Guidelines. The United States agreed not to file a superseding indictment charging the Petitioner-Defendant pursuant to 18 U.S.C. § 924(c). Subsequently, on October 4, 2007, Petitioner-Defendant filed a motion to withdraw his guilty plea, asserting that the plea had not been knowingly and voluntarily made. Specifically, Petitioner-Defendant asserted that the plea had been coerced.

The plea hearing transcript speaks for itself. The Court made a finding that the plea had been knowingly and voluntarily entered and that there was a proper factual basis for the plea and, accordingly, accepted Petitioner-Defendant's plea of guilty. Based upon a re-review of the case file in this matter, as well as the plea hearing transcript itself, the Court stands by its earlier ruling that the plea was knowingly and voluntarily made by the Petitioner-Defendant.

As noted, on October 4, 2007, Petitioner-Defendant moved to withdraw his plea of guilty. (Doc. No. 87.) On October 10, 2007, prior to sentencing, the Court denied the Petitioner-Defendant's motion to withdraw his plea, again finding that the Petitioner-Defendant entered a knowing and voluntary plea. *See* Sentencing Tr. at 28-32.

At the sentencing hearing in this matter, counsel for Petitioner-Defendant asked the Court to sentence Petitioner-Defendant to no more than 57 months, alleging that the appropriate advisory range was 57-71 months, not 84-105 months, as argued by the

United States. The United States requested that the Court impose a sentence between 84 and 105 months. The Court sentenced the Petitioner-Defendant to a term of 72 months imprisonment. (Doc. No. 91.)

Petitioner-Defendant did not file a direct appeal. However, on February 25, 2009, Petitioner-Defendant filed a pro se § 2255 habeas motion requesting that the Court vacate his conviction and sentence to allow him to withdraw his guilty plea and to grant him any other applicable relief. Petitioner-Defendant has alleged, in substantial part, that he received ineffective assistance of counsel, not only based upon his trial attorney's failure to file a notice of appeal from the Court's imposition of its sentence on October 10, 2007, but also on the basis that his counsel was ineffective for failing to call certain witnesses at the suppression hearing and that she coerced him into entering his plea of guilty.

The Court filed an order on July 1, 2009, in which it required prior defense counsel, Manny Atwal, to submit an affidavit to the Court addressing Petitioner-Defendant's allegations. She has done so. That order was prepared in the context of Petitioner-Defendant's general allegations of ineffective assistance of counsel. The order also set a time frame for a response by the United States and a reply by the Petitioner-Defendant. Those documents have now been filed and reviewed by the Court in the context of the procedural history of the file. The Court's order also reserved the right to rule on Petitioner-Defendant's request for an evidentiary hearing and the issues related to ineffective assistance of counsel pending receipt of the documents ordered on

July 1, 2009. On May 1, 2009, the Court provided copies of the plea hearing transcript and sentencing transcript to the Petitioner-Defendant.

The United States not only opposes Petitioner-Defendant's motions on the merits, but asserts that his § 2255 habeas motion is untimely.

**A.     Timeliness Issue**

The United States asserts that the Petitioner-Defendant failed to comply with the one year time limit for filing a § 2255 motion, as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an act which became effective on April 24, 1996. The AEDPA created a one year time limit. Specifically, § 2255 motions may be filed up to one year from the date of the latest applicable triggering event. The triggering events are specifically enumerated as follows:

>     1.     the date on which the judgment of conviction becomes final;
>
>     2.     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>     3.     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     4.     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner-Defendant's criminal judgment was filed on October 17, 2007. (Doc. No. 91.) Consequently, the Petitioner-Defendant had 10 days, or until October 31, 2007,

5

excluding Saturdays, Sundays, and legal holidays, to file a direct appeal. Petitioner-Defendant did not file a direct appeal. Fed. R. App. P. 4(b)(1)(A)(I). Petitioner-Defendant's conviction became final on November 1, 2007, which is the triggering event for the one year time limit for filing a § 2255 motion.

Petitioner-Defendant had until November 1, 2008, to file his § 2255 motion. Petitioner-Defendant filed his motion on February 25, 2009, nearly four months too late. However, the one year time limit may be extended if there are extraordinary circumstances beyond the Petitioner-Defendant's control that prevented him from timely filing his § 2255 motion. *United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005) (holding that equitable tolling is appropriate where "extraordinary circumstances" beyond a prisoner's control prevented a timely filing of a Section 2255 motion, so long as "the petitioner or movant has demonstrated diligence in pursuing the matter."). The United States has asserted there are no such "extraordinary circumstances" that were beyond Petitioner-Defendant's control that prevented him from filing this motion. This is a close call for the Court given the substantive nature of the allegations by the Petitioner-Defendant. Specifically, although the Court, as it will explain below, finds no merit in the Petitioner-Defendant's allegations against his lawyer, the Court will err on the side of fairness to the Petitioner-Defendant, given his current *pro se* status. Consequently, given the totality of the allegations by the Petitioner-Defendant before the Court and the procedural history of the case, the Court declines to dismiss

Petitioner-Defendant's petition as untimely. Therefore, the Court will rule on the merits of Petitioner-Defendant's motion before it.

## B. Ineffective Assistance of Counsel.

Petitioner-Defendant has raised at least three issues relating to the conduct of his trial counsel. As best as the Court can determine, those issues are ineffective assistance of counsel at the suppression hearing stage for failing to call a witness, failure to be properly prepared, coercing his guilty plea, and failing to file a direct appeal.

The Court would first state that the record before the Court does not support Petitioner-Defendant's assertion. None of the assertions raised by Petitioner-Defendant rise to the level of an error under the first prong of the *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668 (1984).

In order to establish ineffective assistance of counsel, a defendant needs to prove: (1) his "counsel's representation fell below an objective standard of reasonableness"; and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Petitioner-Defendant has clearly failed to meet the burden necessary to demonstrate his ineffective assistance of counsel claims.

Even if the Court were to assume that one or more of the claims raised in Petitioner-Defendant's motion rise to the level of deficient performance by his counsel, the motion still fails because Petitioner-Defendant has not satisfied the second prong of the *Strickland* test, which requires that the error result in actual prejudice to Petitioner-Defendant. Based upon the record before the Court, there is no probability that

the results of the suppression hearing or the plea hearing that resulted in a plea of guilty by Petitioner-Defendant would have been different. Moreover, in the context of Petitioner-Defendant's third allegation that his attorney failed to file a notice of appeal, for this claim to succeed, Petitioner-Defendant must clearly establish that he instructed counsel to file an appeal. *Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir. 1992); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The affidavit of Petitioner-Defendant's trial counsel's affidavit unequivocally denies the allegations made by Petitioner-Defendant.

### 1. Suppression hearing

Petitioner-Defendant first claims, as noted above, that his conviction should be vacated because the evidence obtained was by illegal search and seizure and should have been inadmissible. Petitioner-Defendant also asserts that his trial counsel was ineffective for failing to call a specific witness to the hearing. In Petitioner-Defendant's reply to the United States's response to his motions, he alleges, without identifying the witness, that trial counsel "failed to use her skills to investigate the circumstance that he had a witness only testify on his behavior as to what had occurred at the traffic stop and contradicted law enforcement."

Contrary to Petitioner-Defendant's assertions, the procedural history would suggest that there were never any objections made or otherwise filed from the time of the Report and Recommendation of Magistrate Judge Graham and the Order of this Court filed on February 13, 2007, in which the Court adopted the Report and Recommendation

and denied Petitioner-Defendant's motion to suppress. (Doc. No. 60.) All of this occurred before Petitioner-Defendant's guilty plea, at which time he waived any and all rights that any law enforcement officer violated his constitutional rights. (Plea Hearing Tr. at 36-46.)

### 2.     Coerced guilty plea

The Court has found, on at least two occasions–at the time of the guilty plea itself and when it denied Petitioner-Defendant's motion to withdraw his plea–that the plea was knowingly and voluntarily entered. The transcript will stand on its own and belies Petitioner-Defendant's allegation that he was coerced or otherwise pled guilty due to ineffective assistance of counsel. There is no additional evidence in the record that would justify or otherwise require this Court to provide the relief on this allegation of Petitioner-Defendant pursuant to § 2255.

### 3.     Failure to file notice of appeal

As noted above, the affidavit of trial counsel clearly denies Petitioner-Defendant's allegations. In her affidavit filed on July 30, 2009, Ms. Atwal states that she informed Petitioner-Defendant of his right to appeal immediately following the conclusion of the sentencing hearing. She states that his right to appeal was again discussed with Petitioner-Defendant during two telephone calls on October 11 and October 15, 2007. Further, trial counsel again sent Petitioner-Defendant his judgment and statement of reasons on October 18, 2007, and again informed Petitioner-Defendant of his right to appeal. In the same letter, trial counsel informed Petitioner-Defendant that she would be

out of the office, but checking messages, and that he had until October 26, 2007, to inform her of his right to appeal. Then, Petitioner-Defendant left a message on October 23, 2007, stating that he had not decided whether he wanted to appeal his case. The next time trial counsel heard from Petitioner-Defendant, according to her affidavit, was on November 13, 2007, at which time he made a request with regard to a potential sentence reduction, without referencing or requesting that an appeal be filed. The affidavit establishes that at no time during these conversations in October and November 2007 did Petitioner-Defendant inform or otherwise direct trial counsel to file an appeal of his case. Trial counsel concluded her affidavit by stating that this conduct of the Petitioner-Defendant is the reason that she did not file an appeal on Petitioner-Defendant's behalf.

Based upon the record before the Court and the contents of trial counsel's affidavit, and the procedural history of this case, there is no reason for the Court to explore further any credibility issues with respect to the issue of whether Petitioner-Defendant instructed his lawyer to file an appeal.

The Court also concludes that an evidentiary hearing is not required in this matter. A 28 U.S.C. § 2255 petition can be dismissed without a hearing if: (1) Petitioner's allegations, if accepted as true, would not entitled petitioner to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981 (8th Cir. 1998). Applying that standard to

Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the sentence and the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Terrence Terrell Matthews's *pro se* motion to waive fees (Doc. No. 92) is **DENIED AS MOOT**.

2. Petitioner-Defendant Terrence Terrell Matthews's *pro se* Motion for Failure to Contest the Petitioner's 28 U.S.C. § 2255 Claims (Doc. Nos. 101 and 106) is **DENIED**.

3. Defendant Terrence Terrell Matthews's "*pro se* amended motion to request the court to have the government furnish him with plea and sentencing transcripts and to order the government to have defense counsel submit an affidavit agreeing or disagreeing to petitioner's claim of ineffective assistance of counsel" (Doc. No. 104) is **DENIED AS MOOT**.

4. Defendant Terrence Terrell Matthews's *pro se* motion for a sentencing transcript and to order government to have counsel submit an affidavit agreeing or disagreeing with ineffective assistance of counsel (Doc. No. 103) is **DENIED AS MOOT**.

5.　Defendant Terrence Terrell Matthews's *pro se* motion to furnish Petitioner-Defendant with sentencing transcripts (Doc. No. 102) is **DENIED AS MOOT**.

6.　Plaintiff United States' Motion for Enlargement of Time to Respond to Defendant's Pro Se Motion to Vacate, Set Aside or Correct His Sentence, Pursuant to 28 U.S.C. § 2255 (Doc. No. 105) is **DENIED AS MOOT.**

7.　Petitioner-Defendant Terrence Terrell Matthews's *pro se* Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence (Doc. No. 93) is respectfully **DENIED**.

8.　Petitioner-Defendant Terrence Terrell Matthews's *pro se* Petition to Vacate His Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 93) is hereby **DISMISSED WITH PREJUDICE**.

Dated:  September 14, 2009　　　　　　s/Donovan W. Frank
　　　　　　　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　　　　　　　United States District Judge